UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRY WEATHERS,<br><br>                        Petitioner,<br>    v.<br>ISIDRO BACA, *et al.*,<br><br>                        Respondents. | Case No. 3:19-cv-00119-LRH-WGC<br><br>ORDER |

This *pro se* habeas matter pursuant to 28 U.S.C. § 2254 comes before the Court following petitioner's response to the Court's order to show cause why the petition should be not dismissed as untimely. (ECF No. 3). Petitioner has responded. (ECF No. 4). For the reasons that follow, the petition will be dismissed as untimely, and this case will be closed.

Petitioner challenges his 1988 state court judgment of conviction for murder in the second degree with use of a deadly weapon. (ECF No. 1-1 at 2). Judgment of conviction was entered on February 22, 1988, and his direct appeal was decided on May 22, 1989. (*Id.* at 1.)

On July 3, 2017, petitioner filed a petition for writ of habeas corpus in state court. The petition was denied on January 25, 2019, as untimely and successive. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=51841 (last accessed Mar. 29, 2019). Thereafter, petitioner filed his federal habeas petition on or about February 22, 2019. (ECF No. 1-1 at 13).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, generally begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." However, for judgments that became final prior to the enactment of AEDPA, the statute of limitations expires one year from the date of AEDPA's enactment or on April 24, 1997, unless

otherwise tolled or subject to delayed accrual. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner's conviction became final before the enactment of AEDPA. Absent a basis for tolling or other delayed accrual, the time for filing a federal habeas petition expired on April 24, 1997. The instant petition, filed nearly twenty-two years later, is therefore untimely on its face.

In his response, petitioner does not offer any argument on equitable tolling or actual innocence. Rather, he apparently asserts that his petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(C), which authorizes the filing of a claim within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner argues that *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) and *Welch v. United States*, 136 S. Ct. 1257 (2016), are new U.S. Supreme Court cases that require he be given the benefit of retroactive application of *Byford v. State*, 994 P.2d 700 (Nev. 2000). *Byford* held that Nevada law, embodied in what was known as the *Kazalyn* instruction, improperly blurred the line between deliberation and premeditation for purposes of first-degree murder, and held that going forward the courts must instruct separately as to those elements of the offense.

Petitioner's argument fails for two reasons. First, petitioner did not file his federal petition within one year of the U.S. Supreme Court cases on which he relies, which were both decided in 2016. Importantly, the time during which his state habeas petition was pending did not statutorily toll the limitations period because that petition, dismissed as untimely, was not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Second, petitioner was convicted of second-degree murder, so *Byford* therefore provides no relief in his case, even assuming his reliance on *Montgomery* and *Welch* were otherwise persuasive.

In short, petitioner has not established that his petition was timely filed. The petition must therefore be dismissed with prejudice as untimely.

///

///

///

IT IS THEREFORE ORDERED that the petition in this action (ECF No. 1-1) is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that petitioner is **DENIED** a certificate of appealability, as jurists of reason would not find the Court's dismissal of this action on procedural grounds to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly and **CLOSE** this case.

IT IS SO ORDERED.

DATED THIS 29th day of April 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE